United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

Nos. 00-3499 and 00-3501

_____

| | | |
|---|---|---|
| Ace Construction, | * | |
| | * | |
| Plaintiff-Appellant/Cross-Appellee, | * | |
| | * | Appeal from the United States |
| | * | District Court for the Eastern |
| | * | District of Missouri |
| v. | * | |
| | * | |
| City of St. Louis, | * | |
| | * | |
| Defendant-Appellee/Cross-Appellant. | * | |

_____

Submitted: June 14, 2001
Filed: August 28, 2001

_____

Before LOKEN, Circuit Judge, and ROSENBAUM[1] and DAWSON,[2] District
Judges.[3]

_____

DAWSON, District Judge.

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the
District of Minnesota, sitting by designation.

[2]The Honorable Robert T. Dawson, United States District Judge for the
Western District of Arkansas, sitting by designation.

[3]Pursuant to 28 U.S.C. § 46(b), the Chief Judge certified the existence of a
judicial emergency necessitating the designation of a panel consisting of fewer than
two members of the Court of Appeals.

Ace Construction ("Ace") appeals from the magistrate judge's[4] Order and Amended Judgment of August 23, 2000, denying it a jury trial on the issue of damages after finding that the City of St. Louis ("the City") violated Ace's procedural due process rights. The City cross-appeals from the magistrate judge's denial of its motions for summary judgment and for judgment as a matter of law. For the reasons stated herein, we REVERSE and REMAND.

## I.    Background.

Ace purchased the property in question on March 29, 1974 while it was zoned for commercial use. On September 29, 1992, the property was rezoned for residential use pursuant to the enactment of a city ordinance. Ace contends it had no notice of the adoption of the rezoning ordinance.

Ace brought an action in federal court which was voluntarily dismissed on the grounds of lack of ripeness. It then filed an action in the Missouri Circuit Court of the City of St. Louis which was dismissed because Ace did not have standing to challenge the ordinance. The Missouri Court of Appeals for the Eastern District affirmed the magistrate judge's decision, and the Missouri Supreme Court denied review. Ace then commenced the present action in the United States District Court for the Eastern District of Missouri.

Ace brought this action under 42 U.S.C. § 1983 claiming that the City violated its procedural due process rights by rezoning property with insufficient notice and that the rezoning decreased the value of its property. After trial, the

---

[4]This case was referred to a United States Magistrate Judge by consent of the parties pursuant to 28 U.S.C. § 636(c).

2

magistrate judge concluded that the City violated Ace's procedural due process rights and awarded Ace $1.00 in nominal damages.  In an amended judgment, the magistrate judge voided the rezoning ordinance.

## II.    Discussion.

The *Rooker-Feldman* doctrine recognizes that lower federal courts lack subject matter jurisdiction over challenges to state court judgments.  *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000).  Jurisdictional issues under the *Rooker-Feldman* doctrine may be addressed for the first time on appeal and may be raised *sua sponte*.  *Lemonds* at 492 (8th Cir. 2000).

Federal district courts are prohibited from exercising jurisdiction over appeals from state court decisions and general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court.  *Id.* at 492-93. A general federal claim is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it."  *Id.* at 493 citing *Pennzoil Co. v. Texaco, Inc.* 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring).  If the federal court can only provide relief by determining that the state court was wrong, it is, in effect, an appeal of the state court judgment which is prohibited.  *Id.*

Ace's claims are barred by the *Rooker-Feldman* doctrine if the requested federal relief would void the state court's judgment or amount to basically a reversal of the state court's holding.  *Id.* (citations omitted).  The state court complaint

sought to declare the city ordinance in question void as the ordinance lacked any rational basis and was passed without proper notice to Ace. The state court held that Ace did not have standing under Missouri law to challenge the ordinance, because Ace did not have the specific intent to use the property for purposes barred by the ordinance.

In its complaint filed in federal court, Ace alleged that its procedural due process rights were violated by the failure of the City to provide proper notice to Ace prior to passing the ordinance and by failing to void it after Ace learned of it. The magistrate judge found that Ace's procedural due process rights were violated and awarded it nominal damages. Ace then filed a motion to amend the judgment by requesting the magistrate judge declare the ordinance void, which the magistrate judge did in an amended judgment. Ace's federal claim is essentially a due process challenge to the constitutionality of the ordinance. This claim is inextricably intertwined with the state court judgment, because, to succeed on this claim, Ace would have to establish that it has standing to challenge the constitutionality of the ordinance. This would basically necessitate a reversal of the state court's ruling that Ace lacked such standing.

## III.  Conclusion.

For the foregoing reasons, the judgment of the magistrate judge is reversed and remanded with instructions to dismiss Appellant's claims for want of jurisdiction.

4

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.